UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RALPH E. PRICE III<br>585 Galion Arms Court, Apt. 1B<br>Galion, OH 44833 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| *On behalf of himself and all others similarly situated,* | )<br>)<br>) | **PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Plaintiff, | )<br>) | (Jury Demand Endorse Herein) |
| v. | )<br>) | |
| UTILITY SOLUTIONS MIDWEST DIVISION, LLC<br>c/o Statutory Agent Mark Moles<br>14980 Cobble Road<br>Yorkshire, OH 45388 | )<br>)<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| MARK MOLES<br>821 South Brooklyn Avenue<br>Sidney, OH 45365 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff Ralph E. Price III, by and through counsel, for his Class and Collective Action Complaint against Defendants Utility Solutions Midwest Division, LLC (hereinafter "Utility Solutions") and Mark Moles (hereinafter referred to collectively as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio.  Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**PARTIES**

5. At all times relevant, Plaintiff Ralph E. Price III was a citizen of the United States and resident of Crawford County, Ohio.

6. Defendant Utility Solutions is an Ohio limited liability company for profit[1] with its principal place of business in Sidney, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Utility Solutions' statutory agent for service of process is Mark Moles, 14980 Cobble Road, Yorkshire, OH 45388.

7. Upon information and belief, Defendant Mark Moles resides in Darke County, Ohio. Defendant Mark Moles is, upon information and belief, the owner of Utility Solutions.[2] Defendant Mark Moles is sued in his individual capacity.

**FACTUAL ALLEGATIONS**

**Utility Solutions' Business**

8. Defendant Utility Solutions is in the cable laying construction business, and provides other services, including drilling for fiber optic cables, to customers at various locations throughout Ohio, Pennsylvania, and Indiana.

**Defendants' Status as Employers**

9. At all times relevant, Defendant Utility Solutions was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt employees, including Plaintiff and the other members of the FLSA Collective and Ohio Class, who performed drilling and related services at various customer locations.

---

[1] https://businesssearch.sos.state.oh.us/?=businessDetails/1912372 (accessed March 7, 2019).
[2] *See* http://chagrin.epa.ohio.gov/edoc/images/936500/9365000005.pdf (accessed March 7, 2019).

10. Defendant Mark Moles was an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Utility Solutions, "in relation to employees," including Plaintiff and the other members of the FLSA Collective and Ohio Class. Defendant Mark Moles had operational control over significant aspects of Utility Solutions' day-to-day functions, including compensation of employees.

11. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiff's and Other Employees' Employments with Defendants**

14. Plaintiff Price has worked for Defendants as a non-exempt employee, as a laborer/driller, from approximately September 2016 to the present.

15. Throughout his employment, Plaintiff Price has been paid on a day rate basis, and thereby denied overtime pay during workweeks in which he worked forty (40) or more hours.

16. At all times relevant, Plaintiff and the other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

17. At all times relevant, Plaintiff and the other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### Defendants' Failure to Pay Overtime Compensation

18. Plaintiff and other members of the FLSA Collective and Ohio Class frequently work more than forty (40) hours in a single workweek. Typically, Plaintiff works 50 or more hours per week at a flat day rate of $150 to $160 per day, and does not receive overtime pay for any of his hours over 40. For example, during the workweek February 4, 2019 – February 10, 2019, Plaintiff worked more than 40 hours, but was paid for hours worked at a day rate, a rate that did not track or accommodate Plaintiff's overtime hours. *See* 29 C.F.R. 778.112.

19. The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty.  29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

20. Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective and Ohio Class at the time-and-a-half rate for all of the hours they worked in excess of forty hours per week. During the time Plaintiff and other members of the FLSA Collective and Ohio Class worked for Defendants, Defendants would pay a fixed day rate for all hours worked, including overtime hours. *See* 29 C.F.R. 778.112.

### **Defendants' Record-Keeping Violations**

21. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.  For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

22. Defendants violated federal and state record-keeping requirements by failing to maintain accurate and complete records of employees' time, including overtime hours worked.

### **COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

24. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

25. Persons who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All present and former non-exempt employees who worked for Defendants during the three year period preceding the commencement of this action.

6

26. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that they all worked for Defendants in non-exempt positions, all were subjected to Defendants' policies and practices, all were injured by Defendants' FLSA violations, and all have the same claims against Defendants for unpaid overtime compensation as well as liquidated damages, attorneys' fees, and costs.

27. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is necessary and appropriate so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

28. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it consists of at least forty (40) persons. Such persons are known to Defendants and are easily identifiable through the payroll records Defendants were required to maintain pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

## CLASS ACTION ALLEGATIONS

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former non-exempt employees who worked for Defendants during the two year period preceding the commencement of this action.

31. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of at least forty (40) persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

32. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;

> Whether Defendants' failure to pay overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek was willful; and

> What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendants' violations of O.R.C. 4111.03 and 4111.10.

33. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

8

34. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

35. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

36. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself, and on behalf of others "similarly situated" who are part of the FLSA Collective for which conditional certification is sought pursuant to 29 U.S.C. § 216(b).

39. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

40. Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

41. Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

42. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

43. As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid

overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

46. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

47. Defendants' failure to pay overtime compensation as set forth above violated the Ohio overtime compensation requirements as provided in O.R.C. § 4111.03.

48. These violations of Ohio law injured Plaintiff and the members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

49. Having injured Plaintiff and the members of the FLSA Collective and Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
Scott & Winters Law Firm, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

                                          */s/ Kevin M. McDermott, II*
                                          Kevin M. McDermott, II (0090455)