UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH E. PRICE II, | ) | CASE NO. 2:19-cv-00832 |
| | ) | |
| Plaintiff, | ) | Chief Judge Edmund A. Sargus, Jr. |
| | ) | Magistrate Judge Chelsey M. Vascura |
| *v.* | ) | |
| | ) | |
| UTILITY SOLUTIONS OF OHIO | ) | **JOINT MOTION FOR APPROVAL OF** |
| CORPORATION, *et al.*, | ) | **SETTLEMENT** |
| | ) | |
| Defendant. | ) | |

The parties, Plaintiff Ralph E. Price III, and Defendants Utility Solutions Midwest

Division, LLC (hereinafter "Utility Solutions") and Mark Moles, respectfully and jointly move

the Court to approve the proposed Settlement reached by the parties and memorialized in the

*Settlement Agreement and Mutual Release* ("Settlement" or "Settlement Agreement") attached as

Exhibit 1. The Settlement seeks to resolve all individual wage-and-hour claims that were or

could have been brought in this action. The Parties state the following in support.

I.      **STATEMENT OF FACTS**

Plaintiff Ralph E. Price III filed this Action in the United States District Court for the

Southern District of Ohio on March 7, 2019. (ECF #1.) Plaintiff's Complaint alleged that

Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime

compensation at the rate of one and one-half times their employees' regular rate for all hours

worked in excess of forty hours per workweek. (*Id.* at ¶¶ 18-20.) In his lawsuit, Plaintiff sought

to recover back wages, liquidated damages, and attorneys' fees and costs. Defendants filed an

Answer to Plaintiff's Complaint, denying all liability under any of Plaintiff's claims. (ECF #6.)

Shortly after the filing of this case and Defendants' Answer, the Parties engaged in

settlement discussions and reached a settlement, whereby Plaintiff individually has agreed to

release any and all claims regarding Plaintiff's employment with Defendants, including his

claims under the FLSA and claims for attorneys' fees, and has agreed to dismiss this lawsuit with prejudice. The Parties have prepared and executed a written Settlement Agreement that memorializes the terms of their settlement, which is attached to this motion as Exhibit 1.

In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement they reached in this matter, and stipulate to the dismissal of this action with prejudice. The Parties attach a proposed order approving the settlement in this matter as Exhibit 2 for the Court's convenience.

## II.    THE PROPRIETY OF APPROVAL

Pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised only with the approval of the district court or the Secretary of Labor. *See, e.g., Morse v. Complete Wiring Concepts, LLC*, S.D.Ohio No. 2:17-cv-453, 2018 U.S. Dist. LEXIS 105839, at *2 (June 25, 2018); *Lewis v. Huntington Natl. Bank*, 789 F.Supp.2d 863, 869-870 (S.D.Ohio 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-1353 (11th Cir. 1982)); *Edwards v. City of Mansfield*, N.D.Ohio No. 1:15-CV-959, 2016 U.S. Dist. LEXIS 64159, at *6 (May 16, 2016). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Morse*, 2018 U.S. Dist. LEXIS 105839, at *2 (June 25, 2018) (citing *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 U.S. Dist. LEXIS 129506, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015); *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)).

The proposed Settlement is subject to approval by the Court pursuant to the FLSA, 29 U.S.C. § 216(b).  *Id.* As shown below, Court approval is warranted on all scores.

**A.      The Settlement Payment is Fair, Reasonable, and Adequate**

As a part of the scrutiny it applies to an FLSA settlement, "a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford v. Lexington-Fayette Urban Cty. Govt.*, E.D.Ky. No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *31 (Oct. 23, 2008) (citing *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 855 (1999).

Whether Plaintiff is entitled to compensation for Plaintiff's claims is vigorously disputed by the Parties, as well as any amounts Plaintiff may be owed. "The existence of a question as to the plaintiffs' entitlement to compensation under the FLSA serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA." *Dillworth v. Case Farms Processing, Inc.,* N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *13 (Mar. 8, 2010).

Following service of Plaintiff's Complaint on Defendants, the parties conferred regarding alleged retaliatory actions pertaining to Plaintiff's employment. During negotiation the Parties exchanged proposals that identified the portion of any settlement proceeds payable to Plaintiff as it related to Plaintiff's putative retaliation and disputed overtime claims separate from the allocation for attorney fees and costs. Here, the expense and likely duration of continued litigation favor approval, in that wage-and-hour cases are always expensive and time-consuming. The Parties engaged in inclusive negotiations, and the issues were well understood.  The outcome of the case is uncertain for Plaintiff, and the risks of continued litigation are evident for both sides. As noted above, whether Plaintiff is entitled to overtime compensation is disputed by the parties. The opinions of experienced counsel on both sides support the Settlement, as does the Plaintiff.

The Parties have agreed to settle this dispute through the execution of a Settlement Agreement and stipulate to the dismissal of the action with prejudice. While Defendants do not admit liability or wrongdoing, the Parties agree that the terms of their Settlement Agreement represent a fair and equitable resolution of their bona fide dispute. Counsel for the Parties have analyzed the claims and issues herein, and certify that the settlement is fair, reasonable, and adequate. Thus, the Parties respectfully request that the Court approve the settlement and issue an Order dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the Parties. A proposed Final Order and Judgment Approving Settlement is attached as Exhibit 2.

**B.      Plaintiff's Counsel's Fees and Expenses are Proper and Reasonable**

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b).

In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorneys' fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502-03 (6th Cir. 1984)); *Morse v. Complete Wiring Concepts, LLC*, S.D.Ohio No. 2:17-cv-453, 2018 U.S. Dist. LEXIS 105839, at *3-4 (June 25, 2018).

Moreover, courts look favorably on separate negotiation of FLSA damages and attorneys' fees. *See Cisek v. Natl Surface Cleaning, Inc*., 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997); *Cruz v. Vel-A-Da, Inc.,* N.D.Ohio No. 3:90CV7087, 1993 U.S. Dist. LEXIS 21792 (May 14, 1993).

The payment of attorneys' fees to Plaintiff's counsel is approximate to the lodestar amount. Prosecuting complex wage-and-hour litigation is always difficult and time-consuming. The tasks required of Plaintiff's Counsel in this case included pre-litigation investigation of Plaintiff's claims and the identities of potential corporate and individual defendants; meetings and conferences with the Plaintiff; investigation into the viability of Rule 23 class and collective action treatment; analysis of available records; preparation of the Complaint; research of the applicable law with respect to the claims and defenses thereto; analysis of the legal positions taken by Defendants; negotiating the parties' settlement, including Plaintiff's putative retaliation and disputed overtime claims; and drafting settlement approval documents. Based on all relevant factors, the proposed payment of attorneys' fees and cost reimbursements to Plaintiff's Counsel is proper and reasonable, and fulfills the purpose and intent of the FLSA's fees provisions.

## III.    CONCLUSION

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of Plaintiff's FLSA claims, including an award of attorneys' fees as provided in the *Settlement Agreement and Mutual Release*, dismiss this action with prejudice, and issue an order retaining jurisdiction to enforce the Settlement entered into by the Parties.

Respectfully Submitted,


_s/ Kevin M. McDermott II_                              _s/ Timothy G. Pepper  (via email consent)_

Joseph F. Scott (0029780)                         Timothy G. Pepper (0071076)
Ryan A. Winters (0086917)                         TAFT STETTINIUS & HOLLISTER LLP
Kevin M. McDermott II (0090455)             40 North Main Street, Suite 1700
SCOTT & WINTERS LAW FIRM, LLC             Dayton, Ohio 45423
The Caxton Building                                    P: 937-641-1740
812 Huron Rd. E., Suite 490                       F: 937-228-2816
Cleveland, OH 44115                                    pepper@taftlaw.com
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com                     _Counsel for Defendants_
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

_Attorneys for Plaintiff_


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

_s/ Kevin M. McDermott II_
Kevin M. McDermott II (0090455)